N THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | | |
|---|---|---|---|
| CRAIG L. PATTERSON, | ) | | |
| | ) | | |
| Movant. | ) | | |
| v. | ) | Case No. | 04-0093-CV-W-DW-P |
| | ) | Crim. No. | 96-00135-01-CR-W-1 |
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Respondent, | ) | | |

## ORDER

Before the Court is Movant's Motion to Vacate, Set Aside, or Correct His Sentence under 28 U.S.C. § 2255 (Doc. 13). The Government has filed its response in opposition and the Movant has filed his reply (Docs. 14, 15). After careful consideration of the record and the parties' arguments, the Court DENIES petitioner's § 2255 motion.

In 1996 a jury convicted Mr. Patterson of possession with intent to distribute cocaine base ("crack"), in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). This Court sentenced Patterson to a total of 405 months imprisonment. Patterson's appeal was denied by the Eighth Circuit Court and he motioned this Court for relief pursuant to Federal Rule of Civil Procedure 60(b). That motion was recast as a § 2255 motion and subsequently denied. The Eighth Circuit affirmed the denial and did not authorize Patterson to file a second § 2255 motion.

The Supreme Court subsequently decided Castro v. United States, 540 U.S. 375, 124 S.Ct. 786, 157 L.Ed.2d 778 (2003), which held that a court cannot recharacterize a *pro se* litigant's motion as a first § 2255 motion unless the court informs the litigant of its intent to do so and provides the litigant with the opportunity to withdraw or amend the filing to include all § 2255 claims the litigant believes he or she possesses. Id. at 383. In light of Castro and the

parties' pleadings, this Court permitted Patterson to bring a first § 2255 motion asserting "all known grounds for relief." (Doc. 12). Patterson has now timely filed this motion under 28 U.S.C. § 2255.

Patterson contends his sentence is unconstitutional under <u>United States v. Booker</u>, ___ U.S. ___, 125 S.Ct. 738, 160 L.Ed.2d. 621 (2005) and <u>Blakely v. Washington</u>, 542 U.S. __, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). He argues these cases are retroactive and accordingly, his case should be remanded for re-sentencing. The great weight of authority holds that neither <u>Blakely</u> nor <u>Booker</u> retroactively apply to cases on collateral review, such as petitioner's case. <u>See</u> <u>United States v. Green</u>, 397 F.3d 101 (2d Cir. 2005); <u>Humphress v. United States</u>, 398 F.3d 855, 860-63 (6th Cir. 2005); <u>United States v. McReynolds</u>, 397 F.3d 479 (7th Cir. 2005); <u>United States v. Price</u>, 400 F.3d 844, 845-849 (10th Cir. 2005); <u>Varela v. United States</u>, 400 F.3d 864, 866-868 (11th Cir. 2005). The Court agrees with these circuits and concludes that <u>Blakely</u> and <u>Booker</u> do not apply retroactively in collateral challenges to cases which have become final.

Next Defendant seeks to argue that the search leading to the seizure of physical evidence from Defendant's residence was unconstitutionally defective. Defendant is here precluded from raising this argument because he raised it on direct appeal, where it was rejected. <u>United States v. Patterson</u>, 133 F.3d 645, 647-48 (8th Cir. 1998); <u>United States v. McGee</u>, 201 F.3d 1022, 1023 (8th Cir. 2000) (an issue cannot be re-litigated in a § 2255 motion where the issue was raised and affirmed on direct appeal).

On direct appeal, Patterson based an ineffective assistance of counsel argument on counsel's failure to file a motion to suppress physical evidence seized from Defendant's residence. <u>United States v. Patterson</u>, 133 F.3d at 647-48. The Eighth Circuit denied this argument as Patterson was unable to establish that there was anything defective about the search

that would have led to suppression. Id. at 648. As a result, defendant is precluded from raising this argument in a § 2255 motion.

Even if the Eighth Circuit had not considered this issue on direct appeal, the procedural default rule bars relief in § 2255 motions on claims that Defendant could have, but did not, raise on direct appeal. Withrow v. Williams, 507 U.S. 680, 721, 113 S.Ct. 1745, 123 L.Ed.2d 407 (1993) (Scalia, J., concurring in part and dissenting in part) (if a federal prisoner's habeas corpus "claim was not raised [on direct appeal], it is procedurally defaulted and the habeas court will not adjudicate it absent countervailing equitable considerations").

For the reasons set forth above, it is hereby ORDERED that Patterson's 28 U.S.C. § 2255 motion (Doc. No. 13) is DENIED.

IT IS SO ORDERED.

/s/ DEAN WHIPPLE
Dean Whipple
United States District Judge

Date: May 16, 2005